**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50035 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-01958-LAB |
| v. | |
| ANTOINETTE VALENZUELA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Antoinette Valenzuela appeals from the district court's judgment and

challenges the 78-month concurrent sentences imposed following her guilty-plea

convictions for importation of methamphetamine and importation of cocaine, in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Valenzuela contends that the district court erred in denying a minor role reduction to her base offense level under U.S.S.G. § 3B1.2(b) because, among other things, the court failed to apply Amendment 794 ("the Amendment"), which added a non-exhaustive list of five factors that a court "should consider" in determining whether to grant a minor role reduction.  *See* U.S.S.G. §3B1.2 cmt. n.3(C) (2015).  The Amendment became effective less than two months before Valenzuela was sentenced.  Valenzuela did not discuss the five factors in her sentencing memorandum, and made only indirect reference to some of the factors at sentencing.  Moreover, the court did not explicitly discuss the five factors.  On this record, we cannot determine whether the district court considered all of the now-relevant factors in determining whether Valenzuela was entitled to a minor role reduction.  Accordingly, we vacate Valenzuela's sentence and remand for resentencing under the Amendment.  *See United States v. Quintero-Leyva*, 823 F.3d 519, 523-24 (9th Cir. 2016).

**VACATED AND REMANDED for resentencing.**

16-50035